UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON LEE FOREMAN,<br><br>          Petitioner,<br><br>     v.<br><br>STATE OF CALIFORNIA,<br><br>          Respondent. | Case No. 1:22-cv-00589-HBK (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>(Doc. No. 1)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Petitioner Trevon Lee Foreman proceeding pro se initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 on May 13, 2022 in the Sacramento Division of the Court. (Doc. No. 1). The Petition raises three grounds: ineffective assistance of counsel; violation of Petitioner's right to an impartial jury under the Sixth Amendment; and violation of Petitioner's due process and equal protection rights. (*See generally* Doc. No. 1). After transfer to this Court on May 18, 2022, the Court issued new case documents, an order directing Petitioner to complete and return the form indicating consent or decline to the jurisdiction of the Magistrate Judge, and an order authorizing *in forma pauperis* status. (Doc. Nos. 4-6). On May 27, 2022,

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

and again on June 9, 2022, the orders served on Petitioner were returned by the U.S. Postal Service as "undeliverable – not in custody." (*See* docket). As of the date of this Findings and Recommendation, Petitioner has not filed a notice of change of address, nor has he contacted the Court.

As an initial matter, the Court notes that were it to conduct a preliminary review under Rule 4, the Petition fails to include basic information including his current place of confinement, the date of the judgment of conviction, the length of his sentence, and the nature of the offense involved. (*See* Doc. No. 1 at 1). In addition, Petitioner admits he has not exhausted any of the grounds raised in his Petition because "all the grounds for a[n] appeal are federal grounds. Therefore there are no legal need to file a state court appeal." (*Id*. at 2). *See* 28 U.S.C. § 2254(b)(1) (a petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies). And finally, as of the date of these Findings and Recommendations, from the Court's review of the California docket, Petitioner's direct appeal remains pending in the Fifth Appellate District Court.[2] *See Younger v. Harris*, 401 U.S. 37, 44 (1971) (a federal court generally cannot interfere with pending state criminal proceedings); *see also Page v. King*, 932 F.3d 898, 901–902 (9th Cir. 2019) (in the habeas context, "[w]here . . . no final judgment has been entered in state court, the state court proceeding is plainly ongoing for the purposes of *Younger*.")

That said, as set forth herein, the undersigned nonetheless recommends that the Petition be dismissed for failure to prosecute.

## I. APPPLICABLE LAW

This court's Local Rules require litigants to keep the court appraised of their current address, specifically providing:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by

---

[2] The Court takes judicial notice of the California Courts Appellate Courts Case Information online database pursuant to Rule 201 of the Federal Rules of Evidence, which lists no appellate or supreme court habeas cases for Petitioner. *See* https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Trevon Lee Foreman").

>  the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Local Rule 183(b) (E.D. Cal. 2022).  Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with the court's Rules or any order of the court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions.  *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

## II. ANALYSIS

The undersigned considers the above-stated factors and concludes the majority of the above factors favor dismissal in this case.  The expeditious resolution of litigation is deemed to be in the public interest.  *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the court's need to efficiently manage its docket cannot be overstated.  This court has "one of the heaviest caseloads in the nation," and due to unfilled

judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a respondent. *See Sibron v. New York*, 392 U.S. 40, 57 (1968). Finally, less drastic remedies in lieu of dismissal, such as, directing petitioner to submit an updated address, or issuing an order to show cause why the case should not be dismissed for failure to comply with Local Rules, for failing to exhaust his grounds at the state court level, and/or dismissal under *Younger* would be an act of futility because any such order would be returned without delivery. Additionally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice.

Contrary to Local Rule 183(b), more than 63 days have passed since mail was returned as undeliverable and petitioner has not updated his mailing address or otherwise contacted the court. After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rules 110 and 183(b).

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign a district judge to this case.

It is further **RECOMMENDED**:

1. This case be dismissed without prejudice for failure to prosecute.

2. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

4

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    August 2, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE