# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON LEE FOREMAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No.: 1:22-cv-0589 JLT HBK<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 8) |

　　　　The assigned magistrate judge recommended that the pending petition be dismissed without prejudice for failure to prosecute after Petitioner failed to keep the Court informed of his proper mailing address. (Doc. 8.) Those Findings and Recommendations were served upon Petitioner at the only address known to the Court. It also notified Plaintiff that if he had objections, he had to file them within 14 days after service. (*Id.* at 5.) However, the Findings and Recommendations returned as undeliverable. Petitioner has not taken any action to notify the Court of his new address, to prosecute the petition or to object to the recommendation of dismissal.

　　　　According to 28 U.S.C. § 636 (b)(1)(C), the Court conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the magistrate judge's Findings and Recommendations are supported by the record and proper analysis.

　　　　Having determined that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. The federal rules governing habeas cases brought

1

by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability).  A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, 28 U.S.C. § 2253(c)(3).  In the present case, the court finds that reasonable jurists would not find the Court's rejection of Petitioner's claims to be debatable or conclude that the petition should proceed further. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on August 2, 2022 (Doc. 8), are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **September 7, 2022**

UNITED STATES DISTRICT JUDGE